UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RANDOLPH JOESPH** | * | **CIVIL ACTION NO.** |
| | * | |
| *Plaintiff* | * | |
| | * | |
| **VERSUS** | * | **JUDGE** |
| | * | |
| **SCOTT FRANKLIN in his official Capacity as La Salle Parish Sheriff;** | * | |
| **LASALLE CORRECTIONS, LLC;** | * | |
| **LA SALLE CORRECTIONAL CENTER, LLC;** | * | |
| **JEFF WINDHAM, Warden of La Salle Correctional Center; and** | * | |
| **LaSalle Correctional Center Deputies, MAGEE, TARVER, PEPPERS, BERGERSON, MASTERS, MOREAU, DOUGLAS** | * | |
| *Defendants* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

**NOW INTO COURT,** through undersigned counsel, comes Plaintiff, **RANDOLPH JOSEPH**, to petition for damages for the personal injuries and civil rights violations to his person.

## JURISDICTION

1.

This Court has jurisdiction over the claims of the named parties and the subject matter of this litigation under 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a). While various state claims and common claims have been brought, this Court has Original Jurisdiction as this claim arises out of a question of federal law under 42 U.S.C. § 1983. The Court also has supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367(a) in that the state law claims are so related to the Original Jurisdiction claims that they form part of the same case or controversy.

## VENUE

2.

Venue is proper in this Court under 28 U.S.C. § 1391, in that:

A. Randolph Joseph suffered damages as a result of Defendants' actions in the State of Louisiana, Parish of La Salle;

B. La Salle Parish is within the Western District of Louisiana;

C. Plaintiff's Louisiana State law claims are so related to the Original Jurisdiction claims that they are a part of the same case or controversy.

## PARTIES – PETITIONER

3.

Plaintiff, RANDOLPH JOSEPH is domiciled in the Parish of La Salle, State of Louisiana.

## PARTIES – DEFENDANTS

4.

A. **SCOTT FRANKLIN,** in his official capacity as the elected Sheriff of La Salle Parish, whose duties and responsibilities include development and implementation of policies and procedures for the operation and management of La Salle Correctional Center and its employees.

B. **LASALLE CORRECTIONS, LLC,** a business authorized to do, and doing business in, Louisiana, and which is believed to have been the manger and operator of LaSalle Correctional Center, LLC at the time of the incidents herein;

C. **LASALLE CORRECTIONAL CENTER**, a private, medium- security correctional facility, authorized to do, and doing business in, the State of Louisiana;

D. **JEFF WINDHAM,** Warden of La Salle Correctional Center, a person of the full age

of majority holding the office of Warden of the La Salle Correctional Center;

E. **DEPUTY MAGEE,** in his official capacity as a La Salle Correctional Center deputy;

F. **DEPUTY TARVER,** in his official capacity as a LaSalle Correctional Century deputy;

G. **DEPUTY PEPPERS,** in his official capacity as a LaSalle Correctional Century deputy;

H. **DEPUTY BERGERSON,** in his official capacity as a LaSalle Correctional Century deputy;

I. **DEPUTY MASTERS** in his official capacity as a LaSalle Correctional Century deputy;

J. **DEPUTY MOREAU,** in his official capacity as a LaSalle Correctional Century deputy; and,

K. **DEPUTY DOUGLAS,** in his official capacity as a LaSalle Correctional Century deputy.

## FACTUAL ALLEGATIONS

5.

On or about August 23, 2021, Randoph Joseph ("Joseph") was an inmate (#596668) at LaSalle Correctional Center, LLC, located in Olla, Louisiana.

*August 23, 2021 incident*

6.

Upon information and belief, on August 23, 2021, between approximately 5:00pm and 6:00pm, Joseph was involved in an altercation with another inmate in the general population, Alpha Dorm.

7.

Upon information and belief, on August 23, 2021 certain LaSalle Correctional Center, LLC and/or LaSalle Corrections, LLC deputies and/or employees removed Joseph from the altercation, and proceed to use excessive force on Joseph while Joseph's hands and feet were restrained and/or handcuffed.

8.

Specifically, and upon information and belief, on August 23, 2021, approximately 4-5 LaSalle Correctional Center, LLC and/or LaSalle Corrections, LLC deputies and/or employees used excessive force on Joseph, whose hands and feet were restrained and/or handcuffed, in both the hallway and in the bathroom, slamming Joseph into the floor(s) and/or surrounding areas.

9.

Upon information and belief, Joseph sustained significant and immediate injuries, including but not limited to a jaw injury, as a result of the excessive force used by the LaSalle Correctional Center, LLC and/or LaSalle Corrections, LLC deputies and/or employees on August 23, 2021.

10.

On August 24, 2021, an x-ray revealed that Joseph's jaw was broken. The medical facility scheduled Joseph to undergo surgery on August 26, 2021 to repair his broken jaw.

*August 26, 2021 incident*

11.

Upon information and belief, on the morning of August 26, 2021, between the hours of 5:00am-7:00 am, transportation deputy Parker Magee ("Deputy Magee") placed Joseph's hands and feet in restraints and/or handcuffs for transportation to the medical facility at which Joseph

was to undergo jaw surgery.

12.

Upon information and belief, on August 26, 2021, Deputy Magee used excessive force on Joseph while Joseph's hands and feet were restrained and/or handcuffed.

13.

Specifically, and upon information and belief, on August 26, 2021, Deputy Magee attempted to spray Joseph with an unknown substance, and then proceed to use the can to hit Joseph repeatedly forcibly and violently in the jaw (which was already broken), head, face, and surrounding body parts.

14.

Upon information and belief, Joseph underwent jaw surgery on August 26, 2021. As a condition of surgery, his jaw was wired shut.

15.

Upon information and belief, following his surgery, Joseph requested that he be placed in a segmented cell to allow for his surgical recovery free from the threat of other inmates. Certain LaSalle Correctional Center, LLC and/or LaSalle Corrections, LLC deputies and/or employees denied Joseph's request and placed him in general population, Alpha dorm.

*August 30, 2021 incident*

16.

Upon information and belief, on August 30, 2021, between 7:15am– 8:30am, Randolph was subjected to verbal and physical abuse by and from certain LaSalle Correctional Center, LLC and/or LaSalle Corrections, LLC deputies and/or employees when he requested that his medically-recommended liquid food (Ensure) be served.

17.

Specifically, upon information and belief, Deputy Tarver responded to Jospeh's request for his food by threatening to re-break Randolph's jaw.

18.

Specifically, upon information and belief, Deputy Tarver, and 3-4 LaSalle Correctional Center, LLC and/or LaSalle Corrections, LLC deputies and/or employees, including but not limited to Deputies Douglas and Moreau, used excessive force on Joseph.

19.

Specifically, and upon information and belief, on August 30, 2021, Deputy Tarver, and 3-4 LaSalle Correctional Center, LLC and/or LaSalle Corrections, LLC deputies and/or employees, including but not limited to Deputies Douglas and Moreau, pulled Joseph into the hallway and proceed to slam his jaw, face, and head into the wall.

20.

Upon information and belief, Joseph sustained further aggravation to his broken jaw, including but not limited to popped stiches, and open mouth wounds, as a result of the excessive force used by the LaSalle Correctional Center, LLC and/or LaSalle Corrections, LLC deputies and/or employees on August 30, 2021.

21.

Upon information and belief, following the incident on August 30, 2021, Joseph received no medical attention and was placed in a small cell with four other inmates, and subsequently removed to general population, subjecting him to further harm due to the newly opened wounds caused by the officers.

*September 11, 2021 incident*

22.

Upon information and belief, on September 11, 2021, between 11:00am-1:20pm, Joseph was involved in an altercation with another inmate during which he sustained injuries as a result of being stabbed and splashed with hot water.

23.

Upon information and belief, following this incident, Joseph requested that he be allowed medical attention. Certain LaSalle Correctional Center, LLC and/or LaSalle Corrections, LLC deputies and/or employees denied Joseph's request, and placed Joseph in Gulf Dorm.

24.

Upon information and belief, upon being placed in Gulf Dorm, Joseph sustained additional injuries after he was again stabbed by another inmate on or about September 11, 2021 from approximately 5:30- 6:00 pm.

25.

Upon information and belief, following this second stabbing incident, Joseph again requested that he be allowed medical attention. Certain LaSalle Correctional Center, LLC and/or LaSalle Corrections, LLC deputies and/or employees, including but not limited to Deputy Tarver, denied Joseph's request.

26.

During a shift change, a LaSalle Correctional Center, LLC and/or LaSalle Corrections, LLC nurse examined his injuries.

27.

Thereafter, Joseph was placed in another general population area, Echo Dorm.

28.

Defendant Sheriff Scott Franklin was Sheriff of La Salle Parish at all times described herein, and, as such, is responsible for the hiring, training, supervision, discipline and control of the employees of the La Salle Correctional Center, including correctional staff. He is also responsible for the supervision and administration of policies, practices, customs and operations of the La Salle Parish Sheriff's Office and its correctional facilities. He is sued in his individual capacity and in his official capacity for those acts and omissions, which occurred while he was Sheriff. As Sheriff of La Salle Parish, Sheriff Scott Franklin is charged with providing custodial care to prisoners in custody of the La Salle Correctional Center.

29.

Defendant, LaSalle Corrections, LLC is a private company that was managing and operating Defendant LaSalle Correction Center, LLC at all relevant times herein, and as such, is responsible, in part, for the hiring, training, supervision, discipline, and control of the employees of the LaSalle Correctional Center, including correctional staff. It is also responsible for the supervision, administration, and implementation of policies, practices, customs and operations of the La Salle Correction Center, LLC. LaSalle Corrections, LLC is sued for those acts and omissions, which occurred while the facility was under its management and operation.

30.

Defendant, LaSalle Correction Center, LLC is a private medium-security correctional facility and is responsible, in part, for the hiring, training, supervision, discipline, and control of the employees of the LaSalle Correctional Center, including correctional staff. It is also responsible

for the supervision, administration, and implementation of policies, practices, customs and operations of the La Salle Correction Center, LLC. It is sued for those acts and omissions, which occurred at its facility.

31.

Defendant Warden Jeff Windham, is Warden of the LaSalle Correction Center, LLC, and is responsible for managing staff within the La Salle Correctional Center and making decisions regarding hiring, training, supervision and discipline of staff. Additionally, Warden Jeff Windham is responsible for ensuring the safe and secure operation of the facility. He is sued for those acts and omissions, which occurred at LaSalle Correction Center, LLC.

32.

Defendants' unnecessary and wanton infliction of pain on Joseph on multiple occasions resulted in significant pain, suffering, and injury to Joseph, and was a failure/ violation of their professional duties and legal obligations, and a violation of Joseph's constitutional rights.

33.

Defendants' negligent, malicious, and/or sadistic treatment of Jospeh on multiple occasions resulted in significant pain, suffering, and injury to Joseph, and was a failure/ violation of their professional duties and legal obligations, and was a violation of Joseph's constitutional rights.

34.

Defendants' deliberate indifference to or of Jospeh on multiple occasions resulted in significant pain, suffering, and injury to Joseph, and was a failure/ violation of their professional duties and legal obligations, and was a violation of Joseph's constitutional rights.

35.

Defendants failed to have proper training procedures in place to train deputies/officers and

Correctional Center personnel as to how to properly treat and discipline inmates and failed to supervise their staff, which resulted in grossly excessive disciplinary force.

36.

The actions and omissions of Defendants were in contravention of the standard of care and violated applicable federal and state constitutional and statutory standards, and were directly and casually related to, and were the proximate cause of Joseph's injuries.

37.

The acts and omissions of Defendants in inadequate training and supervision of staff, along with inadequate policies and procedures related to the extent of necessary disciplinary action of inmates, were directly and casually related to, and were the proximate cause of Joseph's injuries.

38.

Defendant Deputies, and other staff and employees of La Salle Correctional Center, LLC and/or LaSalle Corrections, LLC, not named herein but acting in the course and scope of their employment, grossly exceeded the standards of disciplinary action of reasonable actors under like circumstances.

39.

Defendant Deputies, and other staff and employees of La Salle Correctional Center, LLC and/or LaSalle Corrections, LLC, not named herein but acting in the course and scope of their employment, are responsible for the safety of inmates incarcerated in La Salle Correctional Center and were in a position to know the policies and procedures of the La Salle Correctional Center and failed to properly apply the policies and procedures of the prison.

40.

Upon information and belief, Defendants ignored and neglected in bad faith their own policies and procedures regarding inmate disciplinary actions under the circumstances.

41.

Joseph's Eighth Amendment Right to be free from cruel or unusual punishment, and/or excessive force was violated when Defendant Deputies, and other staff and employees of La Salle Correctional Center, LLC and/or LaSalle Corrections, LLC, not named herein but acting in the course and scope of their employment, and acting under the leadership of Defendants Sheriff Scott Franklin and Warden Jeff Windham deliberately and in bad faith used excessive disciplinary force, not to maintain or restore discipline, but maliciously and sadistically for the purpose to cause Randolph harm.

42.

Randolph Joseph's Eighth Amendment Right to be free from cruel or unusual punishment, and/or excessive force was violated when Defendant Deputies, and other staff and employees of La Salle Correctional Center, LLC and/or LaSalle Corrections, LLC, not named herein but acting in the course and scope of their employment, and acting under the leadership of Defendants Sheriff Scott Franklin and Warden Jeff Windham deliberately and in bad faith used excessive disciplinary force, and/or caused an unnecessary and wanton infliction of pain to Joseph.

43.

Joseph's Eighth Amendment Right to be free from cruel or unusual punishment, and/or excessive force was violated when Defendant Deputies, and other staff and employees of La Salle Correctional Center, LLC and/or LaSalle Corrections, LLC, not named herein but acting in the course and scope of their employment, and acting under the leadership of Defendants Sheriff Scott

Franklin and Warden Jeff Windham deliberately and in bad faith used excessive disciplinary force, and/or were deliberately indifferent.

44.

Defendants' violation of Randolph's Eighth Amendment Rights resulted in injuries that were not de minimus for Eight Amendment purposes, as they resulted in serious injuries to Joseph's person.

45.

Defendants' violation of Randolph's Eight Amendment Rights was adverse to contemporary standards of today's society and are repugnant to the conscience of mankind.

46.

At all relevant times, Defendant Deputies, and other staff and employees of La Salle Correctional Center, LLC and/or LaSalle Corrections, LLC, not named herein but acting in the course and scope of their employment, were acting in the course and scope of their employment as deputy sheriffs with the La Salle Parish Sheriff's Office and defendant Sheriff Scott Franklin is vicariously liable for their acts and omissions pursuant to La C.C. Art. 2320.

47.

Defendants breached their duties to Joseph and were negligent in one or more of the following particulars:

a. In failing to use the necessary procedures to protect inmates and other officers;
b. In failing to use force to the extent necessary of disciplinary action which followed the policies and procedures of the facility, and which comported with humane and constitutional standards for treatment of inmates.

48.

The acts of fault, excessive force in a malicious and sadistic manner to cause harm, and lack of supervision, which were the proximate cause of Randolph's injuries, were as follows:

a. Failing to train employees on good faith efforts to maintain or restore discipline of inmates incarcerated;

b. Failing to train and supervise employees in the need for force and the amount used;

c. Failing to supervise employees to oversee and cease the continued abuse of its inmates by correctional officers.

49.

As a result of the acts and omissions of Defendants, Randolph Joseph suffered serious injuries, namely:

a. Broken jaw, requiring surgical intervention;

b. Beatings;

c. Conscious pain and suffering;

d. Emotional Distress;

e. Mental Anguish;

f. Attorney's fees;

g. Costs;

h. Punitive damages;

i. Other yet unspecified injuries as will be shown at trial of this matter.

50.

Joseph suffered significant injuries of physical, mental and emotional pain and suffering, and pain due to the actions and omissions of Defendants as described herein.

51.

The cumulation of Defendants' actions and omissions are the sole and proximate cause of the injuries and damages sustained by Randolph Joseph.

52.

42 U.S.C. §1983 protects individuals from violations of their federally protected rights. A governmental entity is liable under Section 1983 when its policies or customs violate an individual's federally protected rights.

53.

Defendants are also liable unto petitioner under the provisions of Louisiana Civil Code Articles 2315, 2315.1, 2315.2, 2316, 2317, 2320, and 2324, in that the existence of such gross failure of defendants to properly guard against the harm suffered by Randolph Joseph caused Randolph Joseph's injury and constituted excessive force.

54.

Defendants are solidarily liable for the harm caused to Randolph Joseph through the intentional/gross acts of Defendants.

55.

Plaintiff is entitled to punitive damages, attorney's fees, interest on attorney's fees pursuant to 42 U.S.C. §1983.

56.

Defendants, SCOTT FRANKLIN and JEFF WINDHAM, are liable to Joseph for negligence for:

a. Negligent supervision of Defendant Deputies and other employees of La Salle Correctional Center similarly situated in the performance of their duties;

b. Failure to adequately train prison employees, including but not limited to Defendant, JOHN DOE;

c. Negligent misapplication and/or non-application of good faith disciplinary procedures;

d. Other acts of negligence which may be proven at the trial of this matter.

57.

Defendant, SCOTT FRANKLIN, is vicariously liable to Petitioner for:

a. The actions of Defendant, JOHN DOE, as his employer, and the tortious and negligent actions committed within the course and scope of his employment, under Louisiana Civil Code Article 2320.

Defendant, JOHN DOE, and other employees of La Salle Correctional Center, are liable to Petitioner for negligence for:

a. Failure to comply with La Salle Correctional Center disciplinary procedures;

b. Intentional, malicious and sadistic disciplinary actions;

c. Malfeasance in office;

d. Dereliction of duty;

e. Other acts of negligence which may be proven at the trial of this matter

58.

Plaintiff hereby notifies the Court and Defendants of his intent to seek and requests a trial by jury in this matter.

**WHEREFORE**, Plaintiff, **RANDOLPH JOSEPH** prays that after due proceedings be had, there be judgment in Plaintiff's favor and against Defendants, Scott Franklin, in his official capacity as LaSalle Parish Sheriff; LaSalle Corrections, LLC; LaSalle Correctional Center, LLC; Jeff Windham, in his capacity as Warden of LaSalle Correctional Center, LLC, and Deptuies

Magee, Tarver, Peppers, Bergerson, Masters, Moreau, and Douglas and that the Defendants be held liable for:

    a. Damages under 42 U.S.C. § 1983;

    b. Pain and suffering;

    c. Mental pain and anguish;

    d. Loss of enjoyment of life;

    e. Legal interest thereon from the date of judicial demand;

    f. Attorney's fees and costs of this action; and

    g. All other damages that may be shown at a trial of this matter

Respectfully submitted,

SCOTT VICKNAIR, LLC

*/s/ David P. Vicknair*_____
DAVID P. VICKNAIR, #34135
CAITLIN B. CARRIGAN, #33754
909 Poydras Street, Suite 2025
New Orleans, Louisiana 70112
T: (504) 500-1111
F: (504) 226-2339
david@svlaw.law
caitlin@svlaw.law
*Attorneys for the Petitioner,*
*Randolph Joseph*