UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RANDOLPH JOESPH** | * | CIVIL ACTION NO. 1:22-cv-03198 |
| | * | |
| *Plaintiff* | * | |
| | * | |
| **VERSUS** | * | JUDGE TERRY A. DOUGHTY |
| | * | |
| **SCOTT FRANKLIN in his official** | * | |
| **Capacity as La Salle Parish Sheriff;** | * | |
| **LASALLE CORRECTIONS, LLC;** | * | |
| **LA SALLE CORRECTIONAL** | * | |
| **CENTER, LLC;** | * | |
| **JEFF WINDHAM, Warden of La Salle** | * | |
| **Correctional Center; and** | * | |
| **LaSalle Correctional Center Deputies,** | * | |
| **MAGEE, TARVER, PEPPERS,** | * | |
| **BERGERSON, MASTERS, MOREAU,** | * | |
| **DOUGLAS** | * | |
| *Defendants* | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**FIRST AMENDED COMPLAINT**

**NOW INTO COURT,** through undersigned counsel, comes Plaintiff, **RANDOLPH JOSEPH**, who, pursuant to Federal Rule of Civil Procedure 15(A)(1)(B), and having been served with Defendants' Rule 12(b)(6) Motion to Dismiss on October 31, 2022, herein amends his complaint as a matter of course:

1.

By adding, to Paragraph 4 of Plaintiff's original Complaint, under the heading "PARTIES-DEENDANTS", the full names of the Defendant deputies, the addition of Warden John Stuckey as a named Defendant, and the additional of LaSalle Management Company LLC, so as to read as follows:

## *"PARTIES – DEFENDANTS*

4.

E. *DEPUTY PARKER MAGEE, in his official capacity as a La Salle Correctional Center deputy;*

F. *DEPUTY BRANDON TARVER, in his official capacity as a LaSalle Correctional Center deputy;*

G. *DEPUTY GRIFFIN PEPPERS, in his official capacity as a LaSalle Correctional Center deputy;*

H. *DEPUTY STEVEN BERGERON, in his official capacity as a LaSalle Correctional Center deputy;*

I. *DEPUTY EVONDA MASTERS in his official capacity as a LaSalle Correctional Center deputy;"*

J. *DEPUTY DAVID MOREAU, in his official capacity as a LaSalle Correctional Center deputy; and,*

K. *DEPUTY CHARLES DOUGLAS, in his official capacity as a LaSalle Correctional Center deputy.*

L. *WARDEN JOHN STUCKEY, Warden of LaSalle Correctional Center, LLC, a person of the full age of majority, and holding the office of Warden of LaSalle Correctional Center, LLC.*

M. *LASALLE MANAGEMENT COMPANY, LLC, a limited liability company, whose registered agent listed with the Secretary of State of Louisiana is William K. McConnell, 192 Bastille Lane, Suite 200, Ruston, Louisiana 71270.*

2.

By adding an additional paragraph to follow paragraph 15 of Plaintiff's original complaint, to be numbered 15A, and to read as follows:

*"15A.*

*Following his surgery, and upon his return to LaSalle, Joseph requested an administrative remedy procedure form ("ARP Form"), on multiple occasions, from various LaSalle Corrections, LLC and/or LaSalle Correctional Center, LLC deputies and/or employees so that he could file a grievance relative to the August 23, 2021 and August 26, 2021 incidents wherein LaSalle Corrections, LLC and/or LaSalle Correctional Center, LLC deputies and/or employees used excessive force on Joseph."*

3.

By adding an additional paragraph to follow paragraph 15 of Plaintiff's original complaint, to be numbered 15B, and to read as follows:

*"15B.*

*Despite requesting an ARP Form, on no less than 3 occasions, from various LaSalle Corrections, LLC and/or LaSalle Correctional Center, LLC deputies and/or employees, he was never provided with a form. Instead, the deputies and/or employees told him to "get out of here" and asked him "what do you need a form for?"*

4.

By adding an additional paragraph to follow paragraph 15 of Plaintiff's original complaint, to be numbered 15C, and to read as follows:

*"15C.*

*The only way to get an ARP Form was to request one from a LaSalle Corrections, LLC*

and/or LaSalle Correctional Center, LLC deputy and/or employee.

5.

By adding an additional paragraph to follow paragraph 31 of Plaintiff's original complaint, to be numbered 31A, and to read as follows:

*"31A.*

*Defendant Warden John Stuckey is Warden of the LaSalle Correctional Center, LLC, and is responsible for managing staff within the LaSalle Correctional Center, and making decisions regarding hiring, training, supervision, and discipline of staff. Additional, Warden John Stuckey is responsible for ensuring the safe and secure operation of the facility. He is sued for those acts and omissions that occurred at LaSalle Correctional Center, LLC."*

6.

By adding an additional paragraph to follow paragraph 31 of Plaintiff's original complaint, to be numbered 31B, and to read as follows:

*"31B.*

*Defendant Deputies acted in violation of the applicable standards of correctional care and with deliberate indifference to Joseph's treatment, care, and medical needs. Defendant Deputies act(s) of using slamming Joseph into walls and hard surfaces, and using a spray can to violently beat him, especially in times during which he was restrained, non-threatening, and/or in a medically vulnerable condition, were unreasonable and amounted to excessive uses of force."*

7.

By adding an additional paragraph to follow paragraph 31 of Plaintiff's original complaint, to be numbered 31C, and to read as follows:

*"31C.*

*The deputy defendants had a duty to treat Joseph in accordance with the applicable standards of correctional care, which includes but is not limited to appropriate use of force, disciplinary actions, and/or medical care. The deputy defendants breached those duties, and Joseph's damages were the direct and foreseeable result of their actions and inactions alleged herein."*

8.

By adding an additional paragraph to follow paragraph 31 of Plaintiff's original complaint, to be numbered 31D, and to read as follows:

*"31D.*

*The Defendants, including but not limited to Sheriff Scott Franklin, LaSalle Corrections, LLC, LaSalle Correctional Center, LLC, LaSalle Management Company, LLC, Warden Windham and Warden Stuckey, had a duty to oversee their subordinates and ensure compliance with correctional standards of care. Defendants, even if they didn't personally direct the constitutionally offensive conduct, tacitly authorized it, or otherwise failed to train or supervise their subordinates."*

9.

By adding an additional paragraph to follow paragraph 31 of Plaintiff's original complaint, to be numbered 31E, and to read as follows:

*"31E.*

*The Defendants, including but not limited to Sheriff Scott Franklin, LaSalle Corrections, LLC, LaSalle Correctional Center, LLC, LaSalle Management Company, LLC, Warden Windham and Warden Stuckey, engaged in and permitted to exist a pattern, practice, or custom of unconstitutional conduct toward inmates, including, but not limited to, use of force when an inmate*

*was restrained and rendered virtually helpless, or nonthreatening, use of force when an inmate was already injured and in need of medical care, and/or denial of medical care. This is evidenced by how many times Joseph was subjected to such conduct by the deputies."*

10.

By adding an additional paragraph to follow paragraph 31 of Plaintiff's original complaint, to be numbered 31F, and to read as follows:

*"The Defendants, including but not limited to Sheriff Scott Franklin, LaSalle Corrections, LLC, LaSalle Correctional Center, LLC, Warden Windham and Warden Stuckey, failed to adequately train their personnel on the use of force when an inmate was restrained and rendered virtually helpless, or nonthreatening, use of force when an inmate was already injured and in need of medical care, and denial of medical care." Their failure to train their personnel on recognizing and responding to the rights of such individuals to be free from excessive force, and or the need for medical care, was foreseeably likely to cause harm.*

11.

By adding an additional paragraph to follow paragraph 31 of Plaintiff's original complaint, to be numbered 31G, and to read as follows:

*"The polices, practices, and/or customs described herein were the moving force behind Joseph's suffering and injuries, and the constitutional violations alleged herein."*

12.

By adding an additional paragraph to follow paragraph 40 of Plaintiff's original complaint, to be numbered 40A, and to read as follows:

*"In claims similar to Joseph's, courts have recognized, through testimony, a failure of LaSalle to adequately train their personnel on the constitutional rights afforded to inmates. Courts*

*have also recognized, through testimony, that training was not being conducted, being falsified, and/or not being properly supervised, and that there were "widespread" practices amongst a LaSalle facility. Sabbie et. al v. Southwestern Correctional, LLC d/b/a LaSalle Corrections, LLC, and LaSalle Southwest Corrections; et al, Case No. 5:17cv113-RWS-CMC, United States District court for the Eastern District of Texas, Texarkana Division, Report and Recommendation of the United States Magistrate Judge."*

13.

By adding an additional paragraph to follow paragraph 40 of Plaintiff's original complaint, to be numbered 40B, and to read as follows:

*"In claims similar to Joseph's, courts have also recognized that LaSalle falsified and/or altered records, failed to provide medical attention to sick or injured prisoners, provided inadequate training for employees, instructed employees during training how to falsify records, etc. LaSalle has also been the subject of a federal indictment on charges that their deputies conspired to assault handcuffed inmates and submit false reports on the incident.*

**WHEREFORE**, Plaintiff, **RANDOLPH JOSEPH** prays that after due proceedings be had, there be judgment in Plaintiff's favor and against Defendants, Scott Franklin, in his official capacity as LaSalle Parish Sheriff; LaSalle Corrections, LLC; LaSalle Correctional Center, LLC; LaSalle Management Company, LLC, Jeff Windham, in his capacity as Warden of LaSalle Correctional Center, LLC, John Stuckey, in his capacity as Warden of LaSalle Correctional Center, LLC, and Deputies Parker Magee, Brandon Tarver, Griffin Peppers, Steven Bergeron, Evonda Masters, David Moreau, and Charles Douglas.

Respectfully submitted,

SCOTT VICKNAIR, LLC

*/s/ David P. Vicknair*
DAVID P. VICKNAIR, #34135
CAITLIN B. CARRIGAN, #33754
909 Poydras Street, Suite 2025
New Orleans, Louisiana 70112
T: (504) 500-1111
F: (504) 226-2339
david@svlaw.law
caitlin@svlaw.law
*Attorneys for the Petitioner,
Randolph Joseph*