b

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| RANDOLPH JOSEPH, Plaintiff | CIVIL DOCKET NO. 1:22-CV-03198 |
| VERSUS | CHIEF DISTRICT JUDGE DOUGHTY |
| SCOTT FRANKLIN, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

### MEMORANDUM ORDER

Defendants Steven Bergeron, Charles Douglas, Parker Magee, Evonda Masters, David Moreau, Griffin Peppers, Brandon Tarver, and Jeff Windham filed a Motion for Reconsideration. Defendants seek reconsideration of the order granting Plaintiff Randolph Joseph's ("Joseph's") Motion for Extension of Time to effect service on them. ECF No. 15.

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration *per se*. *See Miller Pharmacy Services, L.L.C. v. AmerisourceBergen Drug Corp.*, 2021 WL 2627452, at *3 (W.D. La. 2021). Instead, a motion challenging a judgment or order may be filed under Rules 54, 59, or 60. *See Miller Pharmacy Services, L.L.C.*, 2021 WL 2627452, at *3. Rules 59 and 60 apply only to final judgments. *See Miller Pharmacy Services, L.L.C.*, 2021 WL 2627452, at *3. Rule 54(b) provides that any order "that adjudicates fewer than all the claims ... [among] all the parties ... may be revised at any time before the entry of a [final] judgment." *See Miller Pharmacy Services, L.L.C.*, 2021 WL 2627452, at *3.

"Under Rule 54[(b)], a district court has the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." See *Miller Pharmacy Services, L.L.C.*, 2021 WL 2627452, at *3 (quoting *Iturralde v. Shaw Group, Inc.*, 512 Fed. Appx. 430, 432 (5th Cir. 2013)). "Virtually all interlocutory orders may be altered or amended before final judgment if sufficient cause is shown." See *Miller Pharmacy Services, L.L.C.*, 2021 WL 2627452, at *3 (quoting *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 12 n. 14 (U.S. 1983)).

Courts evaluate motions to reconsider interlocutory orders under a "less exacting" standard than Rule 59(e), but look to similar considerations for guidance. See *Miller Pharmacy Services, L.L.C.*, 2021 WL 2627452, at *3. "Virtually all interlocutory orders may be altered or amended before final judgment if sufficient cause is shown." See *Miller Pharmacy Services, L.L.C.*, 2021 WL 2627452, at *3 (citing *HBM Interests, L.L.C. v. Chesapeake Louisiana, L.P.*, 2013 WL 3893989, *1 (W.D. La. 2013)).

Therefore, in determining whether to grant the motion, the Court evaluates whether there are "manifest errors of law or fact upon which judgment is based[,]" whether "new evidence" is available, whether there is a need "to prevent manifest injustice," or whether there has been "an intervening change in controlling law." See *Miller Pharmacy Services, L.L.C.*, 2021 WL 2627452, at *3 (quoting *HBM Interests*, 2013 WL 3893989 at *1). And the Court finds none of these factors present.

"When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted." *See Ganpat v. Easter Pacific Shipping, PTE, Ltd.,* 2020 WL 1046336, at *2 (E.D. La. 2020) (citing *Livingston Downs Racing Association, Inc. v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 481 (M.D. La. 2002)). A motion for reconsideration "is 'not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of [the order].'" *See Ganpat,* 2020 WL 1046336, at *2 (quoting *Templet v. HydroChem Inc.,* 367 F.3d 473, 478-79 (5th Cir. 2004), cert. den., 543 U.S. 976 (2004)); *see also HBM Interests, L.L.C.*, 2013 WL 3893989 at *1.

Defendants argue that Plaintiff was dilatory in his efforts to serve the individual defendants and did not show good cause for an extension. Defendants contend that Plaintiff's excuse–that he did not have the full names of all of the individual Defendants-was untrue because he had the full name of *one* of the Defendants.

Plaintiff contends he sent waiver of service forms to the Defendants, which they received on August 29, 2022. ECF No. 21 at 2. When Plaintiff did not receive their signed waivers within a month, he contacted defense counsel on September 30, asking that he provide the Defendants' full names and inquiring again whether they intended to waive service. ECF No. 21 at 2. When he did not receive that information within two weeks, Plaintiff contacted defense counsel again on October 18. ECF No.

3

21 at 2. Defendants provided Plaintiff with the eight defendants' full names on October 21. ECF No. 15-1 at 2.

Plaintiff filed a Motion for Extension of Time to effect service on those Defendants who did not waive service. ECF No. 13. That motion was granted, allowing Plaintiff until March 7, 2023 to effect service on the Defendants. ECF No. 14. Plaintiff employed a private process server, who served these eight Defendants on February 3, February 7, and February 8. ECF Note of 2/21/23.

"[T]he plain language of [Fed. R. Civ. P.] rule 4(m) broadens a district court's discretion by allowing by allowing it to extend the time for service even when a plaintiff fails to show good cause." *Thompson v. Brown,* 91 F.3d 20, 21 (5th Cir. 1996); *see also Newby v. Enron Corp.,* 284 Fed. Appx. 146, 149 (5th Cir. 2008). "A discretionary extension may be warranted, 'for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.'" *Millan v. USAA General Indemnity Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citing Fed. R. Civ. P. 4(m), Advisory Committee Note, 1990 Amendment, Subdivision (m)). "[A] court has the discretion to extend the time allowed for curing defective service if good cause is not shown." *Hawkins v. Potter*, 234 Fed. Appx. 188, 190 (5th Cir. 2007) (citing *Thompson*, 91 F.3d at 21-22; *see also Snow v. WRS Group, Inc.,* 73 Fed. Appx. 2, at **5 n. 2 (5th Cir. 2003) ("[E]ven if Snow lacked good cause for the delay, it was still within the district court's discretion to allow the enlargement of time instead of dismissing the complaint."). "The Federal Rules thus convey a clear message: Complaints are not to be dismissed if served

within [90] days, or within such additional time as the court may allow." *Henderson v. United States*, 517 U.S. 654, 663 (1996); *see also Treadway v. River Region Medical Corp.*, 2007 WL 43824, at *1 (S.D. Miss. 2007) ("[E]ven without making an express finding of good cause, the Court properly exercised its discretion when it granted the plaintiff additional time to serve his summons and complaint on the defendants.").

Defendants have not identified any "manifest errors of law or fact," "new evidence," "manifest injustice," or "an intervening change in controlling law" to support their Motion for Reconsideration. Pursuant to Rule 4(m), the Court acted within its broad discretion in allowing Plaintiff additional time to serve the Defendants who had refused to waive service. And those Defendants were served within the time limit set by the Court. Accordingly,

IT IS ORDERED that Defendants' Motion for Reconsideration (ECF No. 15) is DENIED.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __21st__ day of August 2023.

Joseph H.L. Perez-Montes
United States Magistrate Judge

5