UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

RANDOLPH JOSEPH

     Plaintiff,

VERSUS

SCOTT FRANKLIN in his official
Capacity as LaSalle Parish Sheriff;
LASALLE CORRECTIONS, LLC;
LASALLE CORRECTIONAL CENTER, LLC;
JEFF WINDHAM, Warden of LaSalle
Correctional Center; and
LaSalle Correctional Center Deputies,
MAGEE, TARVER, PEPPERS,
BERGERSON, MASTERS, MOREAU,
DOUGLAS

     Defendants.

CASE NUMBER 1:22-cv-03198

JURY TRIAL DEMANDED

JUDGE TERRY A. DOUGHTY

MAGISTRATE JUDGE JOSEPH PEREZ-MONTES

*****************************************************************************

## DEFENDANTS' PARTIAL OBJECTION TO MAGISTRATE'S REPORT AND RECOMMENDATION

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .................................................................................................. ii

I.      LEGAL STANDARD.......................................................................................... 1

II.     OBJECTIONS AS TO FINDINGS ON THE ISSUE OF FAILURE TO
        EXHAUST ADMINISTRATIVE REMEDIES................................................ 2

        A.    Defendants object to the Report and the refusal to consider documents
              attached to the Defendants' motions............................................. 2

        B.    The Report fails to consider that Plaintiff's administrative remedies were
              far broader than simply seeking a formal ARP form from a prison official........... 3

        C.    The Report fails to consider Fifth Circuit precedent that requires an inmate
              who claims to have been prevented from pursuing administrative remedies
              at an offending facility, to pursue administrative remedies at any facility to
              which he is transferred. ............................................................... 4

        D.    Defendants' request for alternative relief.. ...................................... 5

III.    OBJECTION TO THE FINDING THAT PLAINTIFF ASSERTED A *MONELL*
        CLAIM BY ALLEGING AN OFFICIAL POLICY AUTHORIZING
        EXCESSIVE FORCE AND DENIAL OF MEDICAL CARE THAT WAS
        ADOPTED BY A LEGALLY AUTHORIZED POLICY MAKER. ................. 6

        A.    Plaintiff has not plausibly alleged an official policy based on a pattern or
              custom. ................................................................................ 6

              1.    Three allegations of excessive force against the same inmate in a
                    7-day period is not sufficient to establish an official policy under
                    *Monell*. ...................................................................... 7

              2.    The plaintiff did not allege three incidents of denial of medical,
                    and even if he did, it would not be sufficient to establish an official
                    policy under *Monell*. ...................................................... 8

              3.    Unrelated lawsuits concerning different facilities, in different states
                    and parishes, do not provide a basis for establishing a pattern or
                    custom sufficient to find an official policy under *Monell*........... 9

        B.    There is no basis for finding the policymakers had actual or constructive
              knowledge of a policy authorizing excessive force or denial of medical
              care................................................................................... 10

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Austin v. City of Pasadena*, Texas,
   74 F.4th 312, 2023 WL 4569562 (5th Cir. 2023) ...................................................................6, 10

*Bryant v. Rich*,
   530 F.3d 1368 (11th Cir. 2008) ........................................................................................................4

*Burton v. Michigan Dep't of Corr.*,
   20-CV-12501, 2022 WL 4230909, at *5 (E.D. Mich. July 18, 2022) *report
   and recommendation adopted*, 20-CV-12501, 2022 WL 3210794 (E.D. Mich.
   Aug. 9, 2022) ....................................................................................................................................5

*Carillo v. Buendia*,
   2020 WL 4584380 (S.D. Tex. 2020) ...............................................................................................10

*Clardy v. Gilmore*,
   773 Fed.Appx. 958 (9th Cir. 2019)...................................................................................................5

*Connick v. Thompson*,
   563 U.S. 51, 131 S.Ct. 1350, 179 L.Ed.2d 417 (2011).............................................................7, 8, 9

*Dillon v. Rogers,*
   596 F.3d 260 (5th Cir. 2010) ...................................................................................................3, 4, 5

*Fuller v. Rich,*
   11 F.3d 61 (5th Cir.1994) .................................................................................................................2

*Hamilton v. Rodgers,*
   791 F.2d 439 (5th Cir.1986) .............................................................................................................7

*Harris v. Brown*,
   No. 3:21-01332, 2021 WL 5822100 (W.D. La. Nov. 22, 2021), *report and
   recommendation adopted*, 2021 WL 5811971 (W.D. La. Dec. 7, 2021)................................7

*Johnson v. Johnson*,
   385 F.3d 503 (5th Cir. 2004) ............................................................................................................3

*Mathis v. Sw. Corr., LLC*,
   5:20CV146-RWS-CMC, 2021 WL 4129123 (E.D. Tex. Sept. 10, 2021) ..................................9

*McCray v. Fryer*,
   CIV.A. 11-1349, 2014 WL 4354537 (W.D. La. Sept. 2, 2014)..................................................4

*Miller v. Salvaggio,*
　SA-20-CV-00642-JKP, 2022 WL 1050314 (W.D. Tex. Apr. 7, 2022) ...................................7

*Moore v. LaSalle Mgmt. Co.,*
　L.L.C., 41 F.4th 493 (5th Cir.2022) ...................................................................................9

*Pavey v. Conley,*
　544 F.3d 739 (7th Cir. 2008) ............................................................................................5

*Peña v. City of Rio Grande City,*
　879 F.3d 613 (5th Cir. 2018) ..........................................................................................11

*Peterson v. City of Fort Worth, Tex.,*
　588 F.3d 838 (5th Cir. 2009) .......................................................................................7, 10

*Pineda v. City of Houston,*
　291 F.3d 325 (5th Cir. 2002) .............................................................................................7

*Piotrowski v. City of Houston,*
　237 F.3d 567 (5th Cir. 2001) .............................................................................................7

*Sabbie v. Sw. Corr., LLC,*
　5:17CV113-RWS-CMC, 2017 WL 5907865 (E.D. Tex. Nov. 6, 2017), *report
　and recommendation adopted,* 5:17-CV-113-RWS-CMC, 2017 WL 5905270
　(E.D. Tex. Nov. 30, 2017) .................................................................................................9

*Schipke v. Van Buren,*
　239 Fed.Appx. 85 (5th Cir. 2007) ......................................................................................2

*Small v. Camden Cnty.,*
　728 F.3d 265 (3d Cir. 2013) ..............................................................................................5

*Venzor v. Collin Cnty., Texas,*
　4:20-CV-318-ALM-KPJ, 2022 WL 666989 (E.D. Tex. Feb. 16, 2022) *report
　and recommendation adopted sub nom. Venzor v. Collin Cnty., Texas,* 4:20-
　CV-318-ALM-KPJ, 2022 WL 656828 (E.D. Tex. Mar. 4, 2022) .........................................7

*Villarreal v. City of Laredo,*
　17 F.4th 532 (5th Cir. 2021) ..............................................................................................7

*Webster v. City of Houston,*
　735 F.2d 838(5th Cir.), *on reh'g,* 739 F.2d 993 (5th Cir. 1984) ........................................7, 10

**Statutes**

42 U.S.C. § 1983 ..............................................................................................................1, 9

42 U.S.C. § 1983(2) ...............................................................................................................1

42 U.S.C. § 1997e(a)..............................................................................................................2

Fed. R. Civ. P.12(b)(6)........................................................................................................2, 7

Fed. R. Civ. P. 12(c) ............................................................................................................2

Fed. R. Civ. P. 12(d) ...........................................................................................................2, 3

Fed. R. Civ. P. 26(c) ............................................................................................................5

Fed. R. Civ. P. 56................................................................................................................2

Fed. R. Civ. P. 72(b)(2)........................................................................................................1

Fed. R. Civ. P. 72(b)(3)........................................................................................................1

La. R.S. 15:1181, et seq. ......................................................................................................2

Louisiana Administrative Code, Title 22, Part I, § 325 ......................................................4

iv

## DEFENDANTS' PARTIAL OBJECTION TO MAGISTRATE'S REPORT AND RECOMMENDATION

NOW INTO COURT, through undersigned counsel, come Defendants, LaSalle Corrections, LLC, LaSalle Correctional Center, LLC, Sheriff Scott Franklin, Warden John Stuckey, and LaSalle Management Company, LLC, who, pursuant to Fed. R. Civ. P. 72(b)(2), file this Partial Objection to the Magistrate's Report and Recommendation (the "Report") (ECF 31).

The Defendants filed motions to dismiss the Plaintiff's complaint, seeking dismissal on the basis that Plaintiff failed to exhaust his administrative remedies under both the federal PLRA and the Louisiana PLRA, and failed to state a claim under § 1983.[1] The Report recommends dismissal of certain claims, to which Defendants do not object.[2] The Report recommends denying the motions on (1) the issue of plaintiff's failure to exhaust his administrative remedies, and (2) the issue of Plaintiff's failure to state a § 1983 claim under *Monell* for use of excessive force and denial of medical care.[3] Defendants object to these recommendations, as explained below.

## I.    LEGAL STANDARD.

"The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

---

[1] The defendants join together to file this objection for sake of judicial economy, but filed three separate motions to dismiss, which were addressed by the Magistrate's Report. LaSalle Corrections, LLC, LaSalle Correctional Center, LLC, Sheriff Scott Franklin filed their motion to dismiss (ECF 3) first, and subsequently Warden John Stuckey filed a motion to dismiss (ECF 5) and LaSalle Management filed a motion to dismiss (ECF 27).

[2] ECF 31. The Report recommends dismissal of plaintiff's claims (1) for supervisory liability under § 1983, (2) under *Monell* for failure to train, and (3) against Sheriff Franklin and Warden Stuckey in their individual capacities.

[3] ECF 31, the Report, at pp. 1-2, citing Defendants Motions to Dismiss, ECF Nos. 3, 18, and 27.

1

**II.    OBJECTIONS AS TO FINDINGS ON THE ISSUE OF FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES.**

Plaintiff does not dispute the administrative remedy requirements of the federal PLRA or the Louisiana PLRA.[4] He also does not dispute that he failed to exhaust his remedies. Rather, he seeks to be excused from the exhaustion requirement. Where, as here, the plaintiff admits to not exhausting his remedies but seeks to be excused from the exhaustion requirement, the plaintiff bears the burden of proving an exception to the exhaustion requirement.[5]

The Report recommends denying Defendants' motion solely on the basis of Plaintiff's allegation that he requested but was not provided an Administrative Remedy Procedure ("ARP") form during his confinement at LCC.[6] Defendants object to the Report's recommendations because it fails to consider the exhibits attached to the pleadings by both parties and fails to consider the full breadth of administrative remedies available to the Plaintiff, including remedies available upon Plaintiff's transfer from LCC to other facilities mere days after the incidents made the basis of Plaintiff's complaint.

**A.    Defendants object to the Report and the refusal to consider documents attached to the Defendants' motions.[7]**

First, the Court is well within its authority to consider the exhibits attached to Defendants' motions and treat the motion as one for summary judgment under FRCP 12(d)[8] and as recognized by the magistrate.[9] This is an approved practice in the Fifth Circuit, particularly when a defendant

---

[4] The federal Prison Litigation Reform Act ("PLRA") may be found at 42 U.S.C. § 1997e(a), and the Louisiana Prison Litigation Reform Act ("Louisiana PLRA") may be found at La. R.S. 15:1181, et seq.

[5] *Schipke v. Van Buren*, 239 Fed.Appx. 85, 86 (5th Cir. 2007) ("Exceptions to the exhaustion requirement apply only in 'extraordinary circumstances,' and [the plaintiff] bears the burden of demonstrating" any exception. (citing *Fuller v. Rich,* 11 F.3d 61, 62 (5th Cir.1994)).

[6] ECF 31, pp. 6-10.

[7] ECF 31, p. 7.

[8] FRCP 12(d) provides: "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."

[9] ECF 31, p. 7.

raises failure to exhaust as a basis for dismissal. [10] Second, the Plaintiff did not object to Defendants' exhibits and in fact submitted his own exhibits, an affidavit of Plaintiff, in opposition. Accordingly, the parties have both had the opportunity to present material pertinent to the motion, as required by FRCP 12(d), and the Court may properly issue a ruling based on the record evidence.

> **B.** **The Report fails to consider that Plaintiff's administrative remedies were far broader than simply seeking a formal ARP form from a prison official**.

While Plaintiff's sole defense to failing to exhaust administrative remedies is his allegation that he was not provided a formal ARP form upon request, the Fifth Circuit has squarely held that a grievance need not take a specific from, but that it is sufficient if it "gives officials a fair opportunity to address the problem that will later form the basis of the lawsuit."[11] Second, the administrative remedy procedure at LCC provided options in addition to obtaining a formal ARP form: (1) grievances could be placed in a drop box located in the chow hall,[12] (2) grievances could be filed directly with the Louisiana Department of Public Safety and Corrections ("DPSC"),[13] and (3) informal, oral grievances could initiate the administrative remedy process.[14] Plaintiff did not attempt any of these available administrative procedures. Plaintiff filed three different oppositions to Defendants' motions raising the failure to exhaust defense. Each time he submitted his sworn affidavit testimony, but each time he failed to address why he did not pursue any of the additional options available that were available to him.

---

[10] *Dillon v. Rogers,* 596 F.3d 260, 271 (5th Cir. 2010) (approving district court's conversion of motion to dismiss to a motion for summary judgment where defendants attached affidavits and records in support of dismissal for failure to exhaust administrative remedies.)

[11] *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004).

[12] ECF 5-3, p. 2, excerpt from LCC Offender Handbook, with Grievance System.

[13] ECF 5-3, p. 2, excerpt from LCC Offender Handbook, with Grievance System.

[14] ECF 5-3, p. 1, excerpt from LCC Offender Handbook, with Grievance System.

3

**C.**    **The Report fails to consider Fifth Circuit precedent that requires an inmate who claims to have been prevented from pursuing administrative remedies at an offending facility, to pursue administrative remedies at any facility to which he is transferred.[15]**

The incidents Plaintiff complains of occurred over a 19-day period, from August 23 until September 11, 2021. Plaintiff admitted he was transferred from LCC a mere two days later on September 13, 2021.[16] The record before the Court reflects Plaintiff was initially transferred from LCC to Raymond Laborde Correctional Center, and subsequently transferred to Louisiana State Penitentiary (Angola), then Allen Correctional Center, and then back to Raymond Laborde Correctional Center, all over the three months following his initial transfer from LCC[17] By law these facilities must provide administrative remedies to inmates, and courts have noted the availability of remedies at these facilities.[18]

Thus, even assuming Plaintiff was denied administrative remedies during his short stay at LCC, Plaintiff had the opportunity to fully pursue administrative remedies at multiple other facilities, and was required to do so. Plaintiff filed three different oppositions to Defendants' motions raising the failure to exhaust defense, each time submitting his own sworn affidavit testimony. Plaintiff never addressed his failure to utilize administrative remedy procedures available to him at these other DPSC facilities.

Accordingly, Plaintiff has failed to carry his burden to prove an exception to the exhaustion requirement. Respectfully, this Court should consider the exhibits attached to Defendants' motions

---

[15] *Dillon*, 596 F.3d at 267–268 ("[plaintiff] was allegedly beaten at Jena in late September 2005 and was transferred in early October 2005. When he arrived at Allen, he could have filed a timely grievance for mistreatment at Jena …. [i]f impediments to filing grievances render remedies unavailable at one facility, remedies may become available again once a prisoner has been transferred, unless there are other problems at the new facility") (citing *Bryant v. Rich*, 530 F.3d 1368, 1379 (11th Cir. 2008)).

[16] ECF 8-1, Declaration of Plaintiff, at ¶ 32.

[17] ECF 3-3, DPSC Transfer Record Inquiry, attached to the Affidavit of Warden John Stuckey (ECF 3-2).

[18] See footnote 16, supra, and cases cited therein, e.g. *McCray v. Fryer*, CIV.A. 11-1349, 2014 WL 4354537, at *2 (W.D. La. Sept. 2, 2014) (in reference to Allen Correctional Center, and stating "[t]he grievance procedure available to state prisoners is found in Louisiana Administrative Code, Title 22, Part I, § 325.")

4

and Plaintiff's opposition, find that Plaintiff has failed to carry his burden of proving an exception to the exhaustion requirement, and dismiss all of Plaintiff's claims as prayed for in Defendants' motions.

### D.      Defendants' request for alternative relief.

In response to Plaintiff's claim that he was excused from the exhaustion requirement, Defendants requested that, if the Court denies the motion to dismiss for failure to exhaust, the Court stay discovery and proceedings except as related to the issue of exhaustion, until the court makes a final ruling on the exhaustion issue.[19] The Fifth Circuit has explained that "exhaustion is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time,"[20] and accordingly, "the judge should usually resolve disputes concerning exhaustion prior to allowing the case to proceed to the merits."[21] Courts commonly stay or limit discovery until the issue of exhaustion is fully and finally resolved.[22] The Fifth Circuit has specifically explained that when exhaustion is raised and the plaintiff survives a motion for summary judgment, that the court should then resolve any factual disputes, without a jury, holding an evidentiary hearing, if necessary.[23] Only if the judge, after resolving any factual disputes, decides the Plaintiff was excused from the exhaustion requirement may the case proceed to the merits.[24]

---

[19] ECF 10, pp. 4-5. The Report does not address Defendants' alternative request.

[20] *Dillon,* 596 F.3d at 272.

[21] *Id.* at 273.

[22] *See Small v. Camden Cnty.*, 728 F.3d 265, 271 (3d Cir. 2013) ("It would make sense from an efficiency standpoint that exhaustion determinations be made before discovery, or with only limited discovery."); *Pavey v. Conley,* 544 F.3d 739, 742 (7th Cir. 2008) ("in the ordinary case discovery with respect to the merits should be deferred until the issue of exhaustion is resolved."); *Clardy v. Gilmore,* 773 Fed.Appx. 958, 959 (9th Cir. 2019) ("Defendants reasonably sought to stay discovery under Federal Rule of Civil Procedure 26(c) because it would be an unnecessary burden and expense before threshold, dispositive issues, including exhaustion, were resolved."); *Burton v. Michigan Dep't of Corr.*, 20-CV-12501, 2022 WL 4230909, at *5 (E.D. Mich. July 18, 2022) ("since exhaustion is a threshold requirement, discovery on the merits of Burton's unexhausted claims is unnecessary.") *report and recommendation adopted*, 20-CV-12501, 2022 WL 3210794 (E.D. Mich. Aug. 9, 2022);

[23] *Dillon* 596 F.3d at 273, and n. 4.

[24] *Id.*

Thus, while Defendants respectfully suggest the record evidence currently establishes that Plaintiff failed to carry his burden of proving an exception to the exhaustion requirement, to the extent the Court denies the motion to dismiss for failure to exhaust, Defendants request the court limit all discovery and proceedings to the issue of exhaustion, until a hearing is held to resolve any factual disputes and the Court makes a final determination on the exhaustion issue.

III.   **OBJECTION TO THE FINDING THAT PLAINTIFF ASSERTED A *MONELL* CLAIM BY ALLEGING AN OFFICIAL POLICY AUTHORIZING EXCESSIVE FORCE AND DENIAL OF MEDICAL CARE THAT WAS ADOPTED BY A LEGALLY AUTHORIZED POLICY MAKER.**

The Report acknowledges that two of the elements required to allege a *Monell* claim are (1) an official policy, (2) of which a policy maker had actual or constructive knowledge.[25] Defendants object to the finding in the Report that Plaintiff has plausibly alleged either element.

A.   **Plaintiff has not plausibly alleged an official policy based on a pattern or custom.**

The Report finds that Plaintiff alleged two official policies: (1) the tacit authorization of the use of excessive force and (2) the tacit authorization of the denial of medical care. The Report found Plaintiff alleged a pattern or custom of conduct sufficient to establish these official policies. The basis for finding a pattern or custom are three alleged excessive force events and three alleged incidents of denial of medical care,[26] which occurred over a period of days and only involve the plaintiff. These allegations are not sufficient to establish an official policy under *Monell*.

---

[25] ECF 31, p. 19 (citing *Austin v. City of Pasadena*, Texas, 74 F.4th 312, 332, 2023 WL 4569562, at *12) (5th Cir. 2023)
[26] ECF 31, p. 21.

**1.     Three allegations of excessive force against the same inmate in a 7-day period is not sufficient to establish an official policy under *Monell*.**

Supreme Court and the Fifth Circuit precedent set an extremely high bar for establishing an official policy by use of a pattern or custom of conduct. The offending conduct must be "so persistent and widespread as to practically have the force of law."[27] The conduct must be "so common and well-settled as to constitute a custom that fairly represents municipal policy."[28] "Where prior incidents are used to prove a pattern, they 'must have occurred for so long or so frequently that the course of conduct warrants the attribution to the governing body of knowledge that the objectionable conduct is the expected, accepted practice of [municipal] employees.' "[29]

Against that backdrop, the Fifth Circuit has held that eleven instances of warrantless entry did not support a pattern of unconstitutional warrantless entry;[30] that twenty-seven incidents of excessive force between 2002 and 2005 were insufficient to constitute a pattern;[31] and that a dozen "racial incidents" of over a two and a half year period were too few to constitute a custom.[32]

Additionally, Fifth Circuit precedent reflects that a *Monell* claim cannot be supported by allegations solely concerning the plaintiff. Stated differently, Plaintiff must allege that "other inmates were similarly victimized by the jailers' " in order to establish a pattern sufficient to

---

[27] *Connick v. Thompson*, 563 U.S. 51, 61, 131 S.Ct. 1350, 179 L.Ed.2d 417 (2011).

[28] *Peterson v. City of Fort Worth, Tex.,* 588 F.3d 838, 850 (5th Cir. 2009) (quoting *Piotrowski v. City of Houston,* 237 F.3d 567, 578 (5th Cir. 2001)).

[29] *Id*. (quoting *Webster v. City of Houston*, 735 F.2d 838, 842 (5th Cir.), on reh'g, 739 F.2d 993 (5th Cir. 1984).

[30] *Pineda,* 291 F.3d at 329.

[31] *Peterson*, 588 F.3d at 851.

[32] *Hamilton v. Rodgers*, 791 F.2d 439 (5th Cir.1986)

establish an official policy.[33] The failure to allege sufficient incidents involving other inmates "warrants dismissal under Rule 12(b)(6)."[34]

Here, Plaintiff alleges three excessive force events over the course of a seven day period – August 23, 26, and 30 – each event involving only the plaintiff.[35] Under Fifth Circuit precedent these few events over a period of days, all solely involving the Plaintiff, are insufficient to establish conduct "so persistent and widespread as to practically have the force of law."[36]

> **2.      The plaintiff did not allege three incidents of denial of medical, and even if he did, it would not be sufficient to establish an official policy under *Monell.***

The Report finds that Plaintiff sufficiently alleged one instance of denial of medical care on August 30 and two instances on September 11.[37] The two instances on September 11 concern Plaintiff's allegation that he was stabbed by another inmate twice and a conclusory statement that his subsequent medical requests were denied.[38] Plaintiff, however, explicitly states that his alleged stabbing injuries were examined by a LaSalle nurse that same day.[39] Thus, Plaintiff admits he actually received medical care for his alleged injuries on September 11, and accordingly, at best plaintiff alleged one instance of being denied medical care. However, as set forth in the previous

---

[33] *Venzor v. Collin Cnty., Texas,*, 4:20-CV-318-ALM-KPJ, 2022 WL 666989, at *7 (E.D. Tex. Feb. 16, 2022) (finding that "Without more, the Court cannot find that Plaintiff has stated a policy or custom attributable to Collin County.") *report and recommendation adopted sub nom. Venzor v. Collin Cnty., Texas*, 4:20-CV-318-ALM-KPJ, 2022 WL 656828 (E.D. Tex. Mar. 4, 2022).  See also *Villarreal  v. City of Laredo*, 17 F.4th 532, 546 (5th Cir. 2021) (affirming the district court's dismissal of *Monell* claim based on "custom" for failure to "allege that city employees retaliated against, investigated, or arrested anyone else because of their speech"); *Harris v. Brown*, No. 3:21-01332, 2021 WL 5822100, at *9 (W.D. La. Nov. 22, 2021), *report and recommendation adopted*, 2021 WL 5811971 (W.D. La. Dec. 7, 2021) (holding the plaintiff failed to allege a custom when his allegations were "conclusory and detail no specific policy, custom, or any other history of similar incidents. In other words, [the plaintiff] failed to allege facts to establish that anyone besides himself suffered ... inadequate medical care as required" to establish a *Monell* claim).

[34] *Miller v. Salvaggio*, SA-20-CV-00642-JKP, 2022 WL 1050314, at *2 (W.D. Tex. Apr. 7, 2022)

[35] ECF 1, Complaint, ¶¶ 7-10 (August 23 event), ¶¶ 11-13 (August 26 event), and ¶¶16-20 (August 30 event).

[36] *Connick,* 563 U.S. at 61.

[37] ECF 31, p. 21.

[38] ECF 1, Complaint, ¶¶ 22-27.

[39] ECF 1, Complaint, ¶ 26.

subsection, under Fifth Circuit precedent, neither one, nor three instances of alleged denial of medical care, against a single inmate, over a twelve day period, are sufficient to establish an official policy authorizing the denial of medical care at LCC.

**3.     Unrelated lawsuits concerning different facilities, in different states and parishes, do not provide a basis for establishing a pattern or custom sufficient to find an official policy under *Monell*.**

In addition to the allegations of excessive force and denial of medical care against the Plaintiff, which, as already discussed are insufficient to establish an official policy, the Report apparently finds that other lawsuits involving wholly different facilities in different states and parishes supports a finding of an official policy ratified by the LCC policymakers, Sheriff Franklin and Warden Stuckey. Respectfully, there is no legal or logical basis for this finding.

First, Plaintiff only cites to one lawsuit in his allegations.[40] He cites it to support his failure to train claim, but the Report recommends that the failure to train claim be dismissed.[41] The Report cites two additional cases, apparently based on independent research.[42] The three cases cited are *Mathis*[43], *Moore*[44], and *Sabbie*.[45] *Mathis* concerned allegation in 2019 at a Texas facility. *Moore* concerned allegations in 2015 at facility in Ouachita Parish. *Sabbie* concerned allegations in 2015 at a Texas facility. None of these lawsuits have been brought to trial. Meaning there have been no judicial determinations of any wrongdoing. Nevertheless, there is no legal or logical basis for using allegations in lawsuits concerning different facilities in different states and parishes, operating under different political authorities, to establish an official policy at the facility at issue here.

---

[40] ECF 3, ¶ 12.
[41] ECF 31, p. 24, finding plaintiff "fails to allege a § 1983 *Monell* claim for failure to train or supervise against Defendants."
[42] ECF 31, pp. 21-22.
[43] *Mathis v. Sw. Corr., LLC*, 5:20CV146-RWS-CMC, 2021 WL 4129123, (E.D. Tex. Sept. 10, 2021).
[44] *Moore v. LaSalle Mgmt. Co.*, L.L.C., 41 F.4th 493 (5th Cir.2022).
[45] *Sabbie v. Sw. Corr., LLC*, 5:17CV113-RWS-CMC, 2017 WL 5907865 (E.D. Tex. Nov. 6, 2017), *report and recommendation adopted*, 5:17-CV-113-RWS-CMC, 2017 WL 5905270 (E.D. Tex. Nov. 30, 2017).

Even assuming Plaintiff had cited these three cases in support of establishing an official policy and there was a basis for using the allegations to do so, which is denied, three incidents between 2015 and 2019 at facilities in different states and parishes, operating under different political authorities, even combined with the alleged incidents involving the plaintiff, are not sufficient under Fifth Circuit precedent to establish practices "so persistent and widespread as to practically have the force of law."[46]

Moreover, as discussed below, the use of lawsuits concerning these different facilities to establish an official policy at LCC, is even more egregious when considered in light of the fact that they must be used to impute knowledge of the pattern of conduct on the policymakers at LCC, which the Report finds is Sheriff Franklin and Warden Stuckey, neither of whom have any involvement in or authority over those other facilities.

### B.    There is no basis for finding the policymakers had actual or constructive knowledge of a policy authorizing excessive force or denial of medical care.

The Report, citing relevant jurisprudence, correctly notes that in addition to establishing a policy, the plaintiff must allege "a policy maker can be charged with actual or constructive knowledge" of the official policy;[47] such that it can be said the defendants acted according to "a specific official policy, which was promulgated or ratified by the legally authorized policymaker."[48]

The Report finds that Sheriff Franklin is the authorized policymaker for LaSalle Parish and Warden Stuckey is the authorized policymaker for the LaSalle Defendants.[49]

---

[46] *Connick,* 563 U.S. at 61.
[47] ECF 31, p. 19, *Austin,* 74 F.4th at 332.
[48] ECF 31, p. 23, quoting *Carillo v. Buendia*, 2020 WL 4584380, at *19 (S.D. Tex. 2020) (emphasis added).
[49] ECF 31, p. 16 (re Sheriff Franklin) and p. 18 (re Warden Stuckey).

10

As already noted, the incidents involving the Plaintiff and the three unrelated lawsuit are not sufficient in numerosity and length of time to establish an official policy. Those pervasiveness requirements go hand in hand with finding a policymaker has actual or constructive knowledge of the policy and ratified the policy. It is the pervasive nature of the conduct that "warrants the attribution to the governing body of knowledge that the objectionable conduct is the expected, accepted practice of [municipal] employees."[50]

Thus, for the same reasons the incidents involving plaintiff and the three unrelated lawsuits are not sufficient to establish an official policy, they cannot be sufficient to establish that the policymakers identified by the Report – Sheriff Franklin and Warden Stuckey – had knowledge of and ratified the alleged practices. This is particularly apparent given that the lawsuits cited in the Report concerned facilities to which Sheriff Franklin and Warden Stuckey have no ties. It is illogical to find that isolated (or even pervasive) incidents several years prior to the incidents complained of by the Plaintiff here, occurring in facilities in other states and parishes, with different governing bodies, over which the Sheriff and Warden have no authority could be used to impute knowledge to the Sheriff or Warden.

"To proceed beyond the pleading stage, a complaint's description of a policy or custom and its relationship to the underlying constitutional violation ... cannot be conclusory; it must contain specific facts."[51] Plaintiff alleges isolated incidents concerning excessive force and denial of medical care concerning himself that are insufficient to establish an official policy. His conclusory statements of customs or policies authorizing excessive force and denial of medical care are not sufficient to state a *Monell* claim, and neither are is a vague reference to a lawsuit concerning a

---

[50] *Peterson,* 588 F.3d at 850 (quoting *Webster,* 735 F.2d at 842.
[51] *Peña v. City of Rio Grande City*, 879 F.3d 613, 622 (5th Cir. 2018) (citation and internal quotation marks omitted).

11

different facility in a different state. For all of these reasons, Defendants respectfully object to the

Report seeking the relief prayed for herein.

        **MCGLINCHEY STAFFORD, PLLC**

        */s/Brad M. Barback*          
        **BRAD M. BARBACK**
        Louisiana Bar Roll #35642
        301 Main Street, 14th Floor
        Baton Rouge, Louisiana 70801
        Telephone: (225) 383-9000
        Facsimile:  (225) 343-3076
        bbarback@mcglinchey.com

        **AND**

        **DEIRDRE C. MCGLINCHEY**
        Louisiana Bar Roll #24167
        McGLINCHEY STAFFORD
        601 Poydras Street, 12th Floor
        New Orleans, Louisiana 70130
        Telephone (504) 586-1200
        Facsimile   (504) 596-2800
        dmcglinchey@mcglinchey.com

        *Counsel for Defendants, LaSalle Corrections, LLC LaSalle Correctional Center, LLC, LaSalle Management Company, LLC, Warden John Stuckey, and Sheriff Scott Franklin*

12

**<u>CERTIFICATE OF SERVICE</u>**

In accordance with the Western District of Louisiana's electronic filing procedures, I hereby certify that I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. A Notice of Electronic Filing will be sent by the Court to all counsel of record who have consented to email notification and electronic service. This document is available for viewing and downloading from the Court's ECF System. I hereby certify that if a party's counsel of record does not participate in Notice of Electronic Filing, I have served a copy on the party's counsel of record either by hand delivery, facsimile, electronic mail or placing same in the U.S. Mail, postage prepaid, on this 5th day of September, 2023.

*/s/Brad M. Barback*
Brad M. Barback

13