**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **RANDOLPH JOSEPH** | **CASE NUMBER 1:22-cv-03198** |
| **Plaintiff,** | |
| | **JURY TRIAL DEMANDED** |
| **VERSUS** | |
| **SCOTT FRANKLIN in his official Capacity as LaSalle Parish Sheriff; LASALLE CORRECTIONS, LLC; LASALLE CORRECTIONAL CENTER, LLC; JEFF WINDHAM, Warden of LaSalle Correctional Center; and LaSalle Correctional Center Deputies, MAGEE, TARVER, PEPPERS, BERGERSON, MASTERS, MOREAU, DOUGLAS** | **JUDGE TERRY A. DOUGHTY** **MAGISTRATE JUDGE JOSEPH PEREZ-MONTES** |
| **Defendants.** | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## ANSWER AND AFFIRMATIVE DEFENSES BY SHERIFF SCOTT FRANKLIN AND DAVID MOREAU

**NOW INTO COURT**, through undersigned counsel, come Defendants, Sheriff Scott Franklin and David Moreau (collectively, "Defendants"), which respectfully submit this Answer denying the allegations of Plaintiff, Randolph Joseph, as set forth in the Original Complaint and amended by the First Amended Complaint, (collectively, "Complaint"), except those specifically admitted herein.

1.

The allegations in paragraph 1 of the Complaint are legal conclusions, which do not require an answer; however, out of an abundance of caution, the allegations are denied. Plaintiff has failed to exhaust his administrative remedies as required under the federal Prison Litigation Reform Act

1

42 U.S.C. § 1997e(a) ("PLRA"), and the Louisiana Prison Litigation Reform Act, La. R.S. 15:1181, *et seq* ("Louisiana PLRA").

2.

Except to admit that the conduct alleged in the Complaint is alleged to have occurred in LaSalle Parish, which is within the Western District of Louisiana, the allegations in paragraph 2 of the Complaint are denied as legal conclusions.

3.

The allegations in paragraph 3 of the Complaint are denied for lack of sufficient information to justify a belief therein.

4.

Except to admit that LaSalle Correctional Center is a correctional facility in Louisiana, that Sheriff Scott Franklin is Sheriff of LaSalle Parish, and that David Moreau is named as a defendant in his official capacity, the allegations in paragraph 4 of the Complaint, including all subparts, are denied for lack of sufficient information to justify a belief therein.

5.

The allegations in paragraph 5 of the Complaint are admitted.

6.

Except to admit that Plaintiff has admitted to being involved in an altercation with another inmate on the date and time in question, the allegations in paragraph 6 of the Complaint are denied for lack of sufficient information to justify a belief therein.

7.

The allegations in paragraph 7 of the Complaint are denied.

2

8.

The allegations in paragraph 8 of the Complaint are denied.

9.

The allegations in paragraph 9 of the Complaint are denied.

10.

The allegations in paragraph 10 are denied for lack of sufficient information to justify a belief therein.

11.

The allegations in paragraph 11 of the Complaint are denied for lack of sufficient information to justify a belief therein.

12.

The allegations in paragraph 12 of the Complaint are denied.

13.

The allegations in paragraph 13 of the Complaint are denied.

14.

The allegations in paragraph 14 of the Complaint are denied for lack of sufficient information to justify a belief therein.

15.

The allegations in paragraph 15 of the Complaint, including paragraphs 15A, 15B, and 15C, are denied.

16.

The allegations in paragraph 16 of the Complaint are denied.

3

17.

The allegations in paragraph 17 of the Complaint are denied.

18.

The allegations in paragraph 18 of the Complaint are denied.

19.

The allegations in paragraph 19 of the Complaint are denied.

20.

The allegations in paragraph 20 of the Complaint are denied.

21.

The allegations in paragraph 21 of the Complaint are denied.

22.

Except to admit that Plaintiff admits to being in an altercation with another inmate, the allegations in paragraph 22 are denied for lack of sufficient information to justify a belief therein.

23.

The allegations in paragraph 23 of the Complaint are denied.

24.

The allegations in paragraph 24 of the Complaint are denied.

25.

The allegations in paragraph 25 of the Complaint are denied.

26.

Except to admit that inmates, including Plaintiff, are provided medical care in the subject facility, the allegations in paragraph 26 of the Complaint are denied for lack of sufficient information to justify a belief therein.

27.

The allegations in paragraph 27 of the Complaint are denied for lack of sufficient information to justify a belief therein.

28.

Except to admit that Sheriff Scott Franklin was at certain times the Sheriff of LaSalle Parish, the allegations in paragraph 28 of the Complaint are denied as written.

29.

The allegations in paragraph 29 of the Complaint are denied for lack of sufficient information to justify a belief therein.

30.

The allegations in paragraph 30 of the Complaint are denied.

31.

The allegations in paragraph 31 of the Complaint, including paragraphs 31A, 31B, 31C, 31D, 31E, 31F, and 31G, are denied.

32.

The allegations in paragraph 32 of the Complaint are denied.

33.

The allegations in paragraph 33 of the Complaint are denied.

34.

The allegations in paragraph 34 of the Complaint are denied.

35.

The allegations in paragraph 35 of the Complaint are denied.

36.

The allegations in paragraph 36 of the Complaint are denied.

37.

The allegations in paragraph 37 of the Complaint are denied.

38.

The allegations in paragraph 38 of the Complaint are denied.

39.

The allegations in paragraph 39 of the Complaint are denied.

40.

The allegations in paragraph 40 of the Complaint, including paragraphs 40A and 40B, are denied.

41.

The allegations in paragraph 41 of the Complaint are denied.

42.

The allegations in paragraph 42 of the Complaint are denied.

43.

The allegations in paragraph 43 of the Complaint are denied.

44.

The allegations in paragraph 44 of the Complaint are denied.

45.

The allegations in paragraph 45 of the Complaint are denied.

46.

The allegations in paragraph 46 of the Complaint are denied.

47.

The allegations in paragraph 47 of the Complaint are denied.

48.

The allegations in paragraph 48 of the Complaint are denied.

49.

The allegations in paragraph 49 of the Complaint are denied.

50.

The allegations in paragraph 50 of the Complaint are denied.

51.

The allegations in paragraph 51 of the Complaint are denied.

52.

The allegations in paragraph 52 of the Complaint are denied as legal conclusions.

53.

The allegations in paragraph 53 of the Complaint are denied.

54.

The allegations in paragraph 54 of the Complaint are denied.

55.

The allegations in paragraph 55 of the Complaint are denied.

56.

The allegations in paragraph 56 of the Complaint are denied.

57.

The allegations in paragraph 57 of the Complaint are denied.

58.

The allegation in paragraph 58 of the Complaint consist of a notification of intent to seek a jury trial and do not require an answer, but to the extent and answer is deemed necessary, the allegations are denied for lack of sufficient information to justify a belief therein.

59.

Defendants deny Plaintiff's Prayer for Relief, including all subparts.

60.

Defendants generally deny all allegations in the Complaint except those specifically admitted herein.

## AFFIRMATIVE DEFENSES

**AND NOW FURTHER ANSWERING**, Defendants plead the following affirmative defenses:

## FIRST DEFENSE

Plaintiffs have failed to state a cause of action against Defendants.

## SECOND DEFENSE

Defendants assert the affirmative defense of qualified ("good faith") immunity under Federal and/or Louisiana law with regard to any claim against them in their individual capacity because it did not violate any clearly established statutory or constitutional rights of which a reasonable person would have known when performing discretionary functions.

## THIRD DEFENSE

Defendants assert the affirmative defense of absolute immunity under Federal and/or Louisiana law which protects public officials in their individual capacity.

## FOURTH DEFENSE

Defendants assert the affirmative defense of sovereign and governmental immunity under Federal and/or Louisiana law which protects the States, their agencies, political subdivisions and officials from suit and liability.

## FIFTH DEFENSE

Defendants assert the affirmative defense of official immunity under Federal and/or Louisiana law which protects governmental employees from personal liability.

## SIXTH DEFENSE

Defendants cannot be held generally liable under a theory of *respondeat superior* or for the torts or constitutional violations of employees, subordinates or co-workers.

## SEVENTH DEFENSE

Defendants assert the affirmative defense of *Monell* municipal immunity because the Plaintiff cannot establish a deprivation of rights protected by the Constitution or Federal law that was inflicted pursuant to an official, municipal, county, or governmental policy. Defendants assert that the Plaintiff cannot establish that any official's deliberate conduct was the "moving force" behind the injuries alleged. Therefore, Plaintiffs cannot establish a causal link between any actions and any deprivation of federal rights.

## EIGHTH DEFENSE

Defendants assert the affirmative defense of Plaintiff's contributory negligence or comparative fault.

## NINTH DEFENSE

Plaintiff's damages, if any, were caused by the fault of others for whom Defendants are not responsible.

**TENTH DEFENSE**

Plaintiff has failed to exhaust his administrative remedies, as required under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), and the Louisiana Prison Litigation Reform Act ("Louisiana PLRA"), La. R.S. 15:1181, et seq.

**ELEVENTH DEFENSE**

Defendants assert the defense of discretionary immunity under La. R.S. 9:2798.1.

**TWELFTH DEFENSE**

Defendants plead the statutory limitation of liability, interest, and costs under La. R.S. 13:5106 and La. R.S. 13:5112, as well as any other statutory or jurisprudential limitation of liability applicable herein.

**THIRTEENTH DEFENSE**

Defendants assert the affirmative defenses of res judicata and collateral estoppel

**FOURTEENTH DEFENSE**

Defendants assert that any alleged injuries and damages were the result of a pre-existing and/or subsequently existing condition of Plaintiff, and not the result of any act or omission on the part of Defendants.

**FIFTEENTH DEFENSE**

Defendants assert that Plaintiff's claims are prescribed or otherwise time-barred.

**SIXTEENTH DEFENSE**

Upon subsequent investigation into the facts of this case, Defendants reserve the right to petition the Court for leave to amend their answer or affirmative defenses.

**WHEREFORE**, Defendants, Sheriff Scott Franklin and David Moreau, pray that their answer to Plaintiff's Complaint be deemed good and sufficient and, after due proceedings had,

10

there be judgment herein in their favor and against Plaintiff, Randolph Joseph, dismissing the Complaint with prejudice, at Plaintiff's cost, and for all other general and equitable relief.

Respectfully Submitted:

**MCGLINCHEY STAFFORD, PLLC**

*/s/ Brad M. Barback*
**BRAD M. BARBACK**
Louisiana Bar Roll #35642
301 Main Street, 14th Floor
Baton Rouge, Louisiana 70801
Telephone: (225) 383-9000
Facsimile:  (225) 343-3076
bbarback@mcglinchey.com

**AND**

**DEIRDRE C. MCGLINCHEY**
Louisiana Bar Roll #24167
McGLINCHEY STAFFORD
601 Poydras Street, 12th Floor
New Orleans, Louisiana 70130
Telephone (504) 586-1200
Facsimile  (504) 596-2800
dmcglinchey@mcglinchey.com
*Counsel for Defendants, Sheriff Scott Franklin and David Moreau*

## CERTIFICATE OF SERVICE

In accordance with the Western District of Louisiana's electronic filing procedures, I hereby certify that I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.  A Notice of Electronic Filing will be sent by the Court to all counsel of record who have consented to email notification and electronic service.  This document is available for viewing and downloading from the Court's ECF System.  I hereby certify that if a party's counsel of record does not participate in Notice of Electronic Filing, I have served a copy on the party's counsel of

11

record either by hand delivery, facsimile, electronic mail or placing same in the U.S. Mail, postage

prepaid, on this 19th day of September, 2023.


/s/ Brad M. Barback
Brad M. Barback